IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:16-bk-23843 |
| BRENT MOSS BODINE and SANDRA LYN BODINE | Chapter 7 |
| Debtor(s) | Honorable Donald R. Cassling |

## NOTICE OF MOTION

To:   Law Offices of Arnold H. Landis, P.C., 77 West Washington Street, Suite 702, Chicago, Illinois 60602

*See attached service list*

PLEASE TAKE NOTICE that on November 18, 2016 at 11:00 a.m., the undersigned will appear before the Honorable Donald R. Cassling at the Kane County Courthouse, 100 South Third Street, Courtroom 240, Geneva, Illinois and will then and there present **DEBTORS' MOTION TO REOPEN CHAPTER 7 CASE FOR THE LIMITED PURPOSE OF VACATING THE ORDER OF DISCHARGE, ENTERING REAFFIRMATION AGREEMENTS, AND RE-ENTRY OF THE ORDER OF DISCHARGE**, a copy of which is hereby served upon you.

## CERTIFICATE OF SERVICE

I, Joseph Scott Davidson, an attorney, hereby certify that on October 28, 2016, I caused a copy of this notice and motion to be served by using the CM/ECF system or by United States First Class Mail to all parties listed on the attached service list, before the hour of 5:00 p.m. from the office located at 900 Jorie Boulevard, Suite 150, Oak Brook, Illinois 60523.

/s/ *Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0752-1<br>Case 16-23843<br>Northern District of Illinois<br>Chicago<br>Fri Oct 28 11:26:24 CDT 2016 | U.S. Bankruptcy Court<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604-1702 | AFRI<br>1310 Martin Luther King Jr<br>Bloomington, IL 61701-1465 |
| Amex<br>Correspondence<br>Po Box 981540<br>El Paso, TX 79998-1540 | Bank Of America<br>Nc4-105-03-14<br>Po Box 26012<br>Greensboro, NC 27420-6012 | Capital One<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Central DuPage Hospital<br>25 N. Winfield Rd.<br>Winfield, IL 60190-1295 | Citibank<br>Citicorp Credit Services/Attn: Centraliz<br>Po Box 790040<br>Saint Louis, MO 63179-0040 | Citibank/Best Buy<br>Centralized Bankruptcy/CitiCorp Credit S<br>Po Box 790040<br>St Louis, MO 63179-0040 |
| DirectTV<br>Po Box 69<br>Columbus, OH 43216 | Dupage County Assessor<br>421 N. County Farm Rd.<br>Wheaton, IL 60187-3990 | Dupage County Treasurer<br>421 N. County Farm Rd.<br>Wheaton, IL 60187-3992 |
| Equifax Information Services, LLC<br>1550 Peachtree St. NW<br>Atlanta, GA 30309 | Equifax Information Services, LLC<br>Po Box 740241<br>Atlanta, GA 30374-0241 | Experian Information Solutions, Inc.<br>475 Anton Blvd.<br>Costa Mesa, CA 92626-7037 |
| Experian Information Solutions, Inc.<br>Po Box 4500<br>Allen, TX 75013-1311 | Glenview State Bank<br>800 Waukegan Rd<br>Glenview, IL 60025-4310 | Illinois Department of Revenue<br>Bankruptcy Section<br>Po Box 64338<br>Chicago, IL 60664-0338 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Kohls/Capital One<br>Po Box 3120<br>Milwaukee, WI 53201-3120 | Macy's<br>Po Box 183083<br>Columbus, OH 43218-3083 |
| Nelnet Loans<br>Nelnet Claims<br>Po Box 82505<br>Lincoln, NE 68501-2505 | Pella Window<br>1600 W. 16th St.<br>Oak Brook, IL 60523-1302 | Southwest Rapid Reward<br>Po Box 15153<br>Wilmington, DE 19886-5153 |
| Sunrise Credit Services<br>PO Box 9100<br>Farmingdale, NY 11735-9100 | Synchrony Bank<br>Po Box 530916<br>Atlanta, GA 30353-0916 | Synchrony Bank/ HH Gregg<br>Po Box 965064<br>Orlando, FL 32896-5064 |
| Synchrony Bank/Amazon<br>Po Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank/Lowes<br>Po Box 965064<br>Orlando, FL 32896-5064 | Synchrony Bank/Walmart<br>Po Box 965064<br>Orlando, FL 32896-5064 |

| | | |
|---|---|---|
| Synchrony/Discount Tire<br>Po Box 960061<br>Orlando, FL 32896-0061 | (p)C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | Target<br>c/o Financial & Retail Services<br>Mailstop BT Po Box 9475<br>Minneapolis, MN 55440-9475 |
| TransUnion LLC<br>Po Box 2000<br>Chester, PA 19022-2000 | Visa Dept Store National Bank<br>Attn: Bankruptcy<br>Po Box 8053<br>Mason, OH 45040-8053 | Wffnatbank<br>Cscl Dispute Tm-mac N8235-04m<br>Des Moines, IA 50326 |
| Brenda Porter Helms ESQ<br>The Helms Law Firm, P.C.<br>3400 West Lawrence<br>Chicago, IL 60625-5104 | Brent Moss Bodine<br>192 Carriage Dr.<br>Carol Stream, IL 60188-2004 | James J Haller<br>Sulaiman Law Group<br>900 Jorie Boulevard, Suite 150<br>Oak Brook, IL 60523-3810 |
| Joseph S Davidson<br>Sulaiman Law Group, Ltd.<br>900 Jorie Boulevard<br>Suite 150<br>Oak Brook, IL 60523-3810 | Patrick S Layng<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604-2027 | Sandra Lyn Bodine<br>192 Carriage Dr.<br>Carol Stream, IL 60188-2004 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operation<br>Po Box 21126<br>Philadelphia, PA 19114-0326 | T-Mobile<br>12929 SE 38th St.<br>Bellevue, WA 98006 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)Glenview State Bank<br>800 Waukegan Rd.<br>Glenview, IL 60025-4310 | End of Label Matrix<br>Mailable recipients    41<br>Bypassed recipients    1<br>Total                  42 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re:<br><br>BRENT MOSS BODINE and SANDRA LYN BODINE<br><br>Debtor(s) | Case No. 1:16-bk-23843<br><br>Chapter 7<br><br>Honorable Donald R. Cassling |

### DEBTORS' MOTION TO REOPEN CHAPTER 7 CASE FOR THE LIMITED PURPOSE OF VACATING THE ORDER OF DISCHARGE, ENTERING REAFFIRMATION AGREEMENTS, AND RE-ENTRY OF THE ORDER OF DISCHARGE.

BRENT MOSS BODINE and SANDRA LYN BODINE (hereinafter "Debtors"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., pursuant to Section 350(b) of the United States Bankruptcy Code, Rules 5010 and 9024 of the Federal Rules of Bankruptcy Procedure and Rule 60(b) of the Federal Rules of Civil Procedure, moves to reopen their chapter 7 case for the limited purpose of vacating the Order of Discharge, approval of reaffirmation agreements, and re-entry of the Order of Discharge, and in support thereof, states as follows:

1. On July 25, 2016, a bankruptcy case concerning the Debtors was filed under Chapter 7 of the United States Bankruptcy Code.

2. The schedules filed by the Debtors listed a 2013 Chevrolet Equinox secured by an auto loan in favor of Glenview State Bank, account number XXXXXXXXXXXXX9313.

3. The schedules filed by the Debtors listed a 2014 Chevrolet Impala secured by an auto loan in favor of Glenview State Bank, account number XXXXXXXXXXXXX8447.

4. The Statement of Intention filed by the Debtors indicated Debtors' intention to retain the 2013 Chevrolet Equinox and 2014 Chevrolet Impala and enter into a Reaffirmation Agreement.

5. On August 25, 2016, Glenview State Bank, by and through their attorneys, Law Offices of Arnold H. Landis, P.C. sent counsel for the Debtors Reaffirmation Agreements for the 2013 Chevrolet

Equinox and for the 2014 Chevrolet Impala. Counsel for the Debtors inadvertently overlooked the Reaffirmation Agreements.

6. On October 18, 2016, the Debtors were granted a discharge under Section 727 of the United States Bankruptcy Code.

7. On October 21, 2016, Glenview State Bank manifested its intent to take action against the 2013 Chevrolet Equinox and 2014 Chevrolet Impala.

8. A bankruptcy court has the powers of a court of equity. 28 U.S.C. § 1481.

9. An equity court's power to vacate an order is inherent in its jurisdiction and explicitly defined in Fed. R. Civ. P. 60.

10. Fed. R. Bankr. P. 9024 incorporates Fed. R. Civ. P. 60, which, inter alia, allows a court to vacate an order for "any *** reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

11. The Supreme Court has interpreted this statutory provision liberally to allow the vacating of an order when "appropriate to accomplish justice." *Klapprott v. United States*, 355 U.S. 601, 614-15, 69 S. Ct. 384, 390, 93 L. Ed. 266 (1948).

12. Courts have employed this provision to vacate discharge orders for the purpose of allowing Chapter 7 debtors to enter into enforceable reaffirmation agreements under certain circumstances. *See In re Long*, 22 B.R. 152, 154 (Bankr. D. Me. 1982); *In re Solomon*, 15 B.R. 105, 106 (Bankr. E.D. Pa. 1981).

13. The use of Fed. R. Civ. P. 60(b)(6) to vacate a debtor's discharge is at odds with the notion that judicial orders and judgments should be afforded a high degree of finality. *See Arizona v. California*, 460 U.S. 605, 644, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983) ("Concern for finality remains an important policy ...."); *In re Tuan Tan Dinh*, 90 B.R. 743, 745 (Bankr. E.D. Pa. 1988) ("We believe that the finality of a discharge order must be accorded special consideration.").

14. Accordingly, motions to vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements are not granted absent special circumstances. *In re Edwards*, 236 B.R. 124, 127 (Bankr. N.H. 1999).

15. A Chapter 7 debtor intending to execute a reaffirmation agreement must remain cognizant of two relevant timing restrictions.

16. The First Circuit's decision in *Bank of Boston v. Burr (In re Burr)*, 160 F.3d 843 (1st Cir. 1998), clearly requires a debtor that wishes to retain property that is collateral for consumer debts to perform his or her stated intentions under Section 521(2)(A) within the time period prescribed under Section 521(2)(B), while Section 524(c)(1) requires a reaffirmation agreement to be entered into pre-discharge.

17. However, if necessary, debtors may pursue relief from these time restraints.

18. If a debtor anticipates a problem with performing his or her intention within Section 521's prescribed time period, the debtor may obtain an extension.

19. Section 521(2)(B) provides:

Within forty-five days after the filing of a notice of intent under this section, or *within such additional time as the court, for cause, within such forty-five day period fixes*, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph ....

Section 521(2)(B) (emphasis added).

16. In an effort to temper Section 524(c)(1)'s timing restriction, Fed. R. Bankr. P. 4004(c)(2) allows a debtor to file a motion requesting that an order granting his or her discharge be deferred for "up to 30 days ... and, on an additional motion filed within that period, to a date certain after expiration of the 30 days." 9 King et a., Collier on Bankruptcy P 4004.04[8] (15th rev. ed. 1997)

17. The Advisory Committee Note accompanying Fed. R. Bankr. P. 4004 states that the purpose of subpart (c)(2) is to afford debtors additional time to negotiate reaffirmation agreements given that they are not enforceable if entered into post-discharge. *See* Fed. R. Bankr. P. 4004 Advisory Committee's Note.

18. Thus, the provisions of Section 521 and Fed. R. Bankr. P. 4004 provide a Chapter 7 debtor with two procedures to obtain additional time to negotiate and execute an enforceable reaffirmation agreement.

19. In *Tuan Tan Dinh*, the court addressed the issue of what standard should govern the use of Fed. R. Civ. P. 60(b) in the context of vacating a discharge order.

20. Noting the desire for finality with respect to discharge orders, the *Tuan Tan Dinh* court set forth the following two factors as important in deciding whether to vacate a discharge order: (1) the consideration of relative prejudice to the parties; and (2) the degree of the debtor's culpability in allowing the order to be entered. *See Tuan Tan Dihn*, 90 B.R. at 746.

21. The court stated that when these two factors "tip very strongly in favor of the moving party," then a discharge order may be vacated. *See Id.*

22. As applied to the instant facts, the *Tuan Tan Dihn* standard yields the conclusion that this Court should grant the Debtors' motion to vacate the discharge order.

23. Vacating the Debtors' discharge would result in no prejudice to Glenview State Bank, but not doing so would seriously prejudice the Debtors – who would be facing certain repossession of both the 2013 Chevrolet Equinox and 2014 Chevrolet Impala.

24. Both the Debtors and Glenview State Bank desire to enter into an enforceable reaffirmation agreement and thus both would prefer that the Debtors' discharge be vacated in order that they may enter into such an agreement.

25. The reaffirmation agreements concern the Debtors' sole means of transportation, assets which are very important to the Debtors' fresh start; and therefore presents exceptional circumstances. *See Long*, 22 B.R. at 154 (finding significant the fact that the reaffirmation agreement pertained to the debtors' residence in deciding that the debtors' discharge should be vacated to allow the agreement to be enforceable).

26. In addition, the Debtors were not at fault in allowing the discharge order to be entered before the execution of the reaffirmation agreements, and find themselves in this position as a result of excusable neglect, inadvertence and/or mistake.

27. Thus, the two relevant factors tip very strongly in favor of the Debtors and warrant the vacating of their discharge order for the purpose of allowing them to enter into an enforceable reaffirmation agreement.

28. Upon entry of the Reaffirmation Agreements, Debtors would immediately seek re-entry of the Order of Discharge. *See Midkiff v. Steward (In re Midkiff)*, 342 F.3d 1194 (10th Cir. 2003) ("a Rule 60(b) motion "does not affect the finality of a judgment or suspend its operation." Fed. R. Civ. P. 60(b). Thus, when a court grants relief under Rule 60(b), the discharge is not "revoked" but is simply altered to provide limited relief as appropriate under the circumstances.")

WHEREFORE, the Debtors respectfully request:

1. that the Court reopen their chapter 7 case for the limited purpose of vacating the Order of Discharge and entering the Reaffirmation Agreements;

2. that the Court re-enter the Order of Discharge; and

3. that the Court grant any other relief deemed appropriate and equitable.

Dated: October 28, 2016              */s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com